In re "AGENT ORANGE" PRODUCT LIABILITY LITIGATION.

Pretrial Order No. 32.
MDL No. 381.

United States District Court,
E. D. New York.

Feb. 8, 1982.

See, also, 506 F.Supp. 750, D.C., 537 F.Supp. 977.

GEORGE C. PRATT, District Judge.

By motion argued January 27, 1982, defendant Dow Chemical Company moves for an order permitting it to proceed with the disposal of certain documents in accordance with Dow's internal document retention and disposal program. Dow lists 32 categories of documents that it seeks to dispose of, all of which have been stored for periods ranging from four to five years. As of January 1, 1981, approximately two million

documents were eligible (within the meaning of Dow's normal procedure) for destruction, and at oral argument on the motion Dow sought permission to dispose of those documents in the same 32 categories that became eligible for destruction on January 1, 1982 as well.

Dow seeks the court's permission prior to destroying the documents because plaintiffs had previously filed a request for the production of any document remotely relating to any phenoxy herbicide. Because the scope of discovery has not been narrowed by the parties or by the court at this point, defendant Dow seeks court leave prior to disposing of documents such as price cards, invoices, price announcements, inventory forms, and various other enumerated categories of documents. Dow offers to make all documents available to plaintiffs for 90 days prior to disposal.

At oral argument on the motion, lead counsel for plaintiffs requested that all of the information contained in the documents be computerized before the documents themselves were disposed of. Counsel specifically mentioned that "spooling" might be a feasible means of storing the information on computer tapes. By follow-up letter, however, counsel for Dow states that computer retention of the documents in any form is, as a practical matter, impossible because the underlying information itself is no longer contained in any data base. Moreover, counsel for Dow asserts that Dow should not be burdened with storage of the data in any form since it is not relevant to any of the issues in this lawsuit anyway.

After reviewing the categories of documents that Dow wishes to dispose of, the court agrees that none of the information is either relevant to the issues in this lawsuit or calculated to lead to the discovery of information relevant to this lawsuit. Moreover, plaintiffs are adequately protected by the availability of the documents for 90 days prior to Dow's disposal of the documents. If, after reviewing the documents prior to disposal, counsel become aware of any additional information that the court should consider prior to the disposal going forward, counsel will no doubt bring the information to the court's attention. However, at present the court can conceive of no reason why Dow should be burdened with the storage of millions of pieces of paper that are unrelated to this lawsuit.

Defendant Dow's motion to destroy those documents eligible for destruction in January, 1981 and January, 1982 is therefore granted, and Dow may commence disposal 90 days after it notifies the court and lead counsel to plaintiffs where the documents are located. During the 90-day period Dow shall make the documents available to representatives of any plaintiffs during normal working hours. Plaintiffs may copy any of the documents.

SO ORDERED.